893 A.2d 60 (2006)
383 N.J. Super. 663
STATE of New Jersey, Plaintiff-Respondent,
v.
Jose RODRIGUEZ, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted February 7, 2006.
Decided March 13, 2006.
*61 Fusco & Macaluso, Livingston, for appellant (Anthony J. Fusco, Jr., on the brief).
Zulima V. Farber, Attorney General, for respondent (Adrienne B. Reim, Deputy Attorney General, of counsel and on the brief).
Before Judges KESTIN, LEFELT and HOENS.
The opinion of the court was delivered by
HOENS, J.A.D.
Defendant Jose Rodriguez appeals from the June 14, 2002 order of the Law Division directing that he forfeit his public employment and that he be forever barred and disqualified from public employment. We affirm.
In the early morning hours of November 21, 1999. defendant drove through a red light and hit a pedestrian who was attempting to cross the road. Defendant did not stop his car, but instead turned off his lights and continued to drive a short distance to a parking garage near his residence. Witnesses followed him to the garage and then told the police who responded to the scene about where defendant could be found. The victim was transported to the hospital where he died of his injuries. At the time of the incident, defendant was an off-duty police officer.
Eventually, defendant was indicted for first-degree aggravated manslaughter, N.J.S.A. 2C:11-4a; third-degree leaving the scene of a fatal accident, N.J.S.A. 2C:11-5.1; third-degree hindering apprehension or prosecution, N.J.S.A. 2C:29-3b(1); and fourth-degree obstructing the administration of the law, N.J.S.A. 2C:29-1. In addition, he was charged, by way of three municipal summonses, with driving while intoxicated resulting in a fatal accident, N.J.S.A. 39:4-50(a); reckless driving, *62 N.J.S.A. 39:4-96; and leaving the scene of a fatal accident, N.J.S.A. 39:4-129.
Following a jury trial during which all parties were prohibited from revealing the fact that defendant was a police officer, he was found guilty only of third-degree leaving the scene of a fatal accident. The trial judge then found him guilty of the municipal offenses of reckless driving and leaving the scene of a fatal accident. The judge sentenced him to a probationary term, together with fees and penalties which included a driver's license suspension on the third-degree offense. The judge also imposed a concurrent driver's license suspension for the municipal convictions, along with applicable fines. As part of the sentence, the judge also ordered that defendant forfeit his position as a police officer and that he be disqualified from public employment in the future.
On appeal, defendant raises the following arguments for our consideration:
POINT I
THE TRIAL JUDGE'S DECISION TO FORFEIT THE APPELLANT'S PUBLIC EMPLOYMENT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE OR ANALYZED UNDER THE CORRECT STANDARD AND MUST BE REVERSED.
POINT II
APPELLANT'S OFF-DUTY CONDUCT IN NO WAY BORE A DIRECT OR SUBSTANTIAL RELATIONSHIP TO HIS POSITION AS A POLICEMAN TO WARRANT PERMANENT DISQUALIFICATION FROM PUBLIC OFFICE.
We have considered these arguments in light of the record and the applicable legal precedents and have concluded that they are lacking in merit. We therefore affirm.
The forfeiture statute provides in relevant part as follows:
Forfeiture of Public Office. a. A person holding any public office, position, or employment, elective or appointive, under the government of this State or any agency or political subdivision thereof, who is convicted of an offense shall forfeit such office or position if:
(1) He is convicted under the laws of this State of ... a crime of the third degree....
[N.J.S.A. 2C:51-2a(1).]
Forfeiture of defendant's position as a police officer was therefore mandatory in light of his conviction of third-degree leaving the scene of a fatal accident. Ibid.
Future disqualification from public employment or office, however, is governed by a different statutory standard:
d. In addition to the punishment prescribed for the offense, and the forfeiture set forth in subsection a. of N.J.S.A. 2C:51-2, any person convicted of an offense involving or touching on his public office, position or employment shall be forever disqualified from holding any office or position of honor, trust or profit under this State or any of its administrative or political subdivisions.
[N.J.S.A. 2C:51-2d.]
This statutory language required the judge to analyze whether the crime of which defendant was convicted also was "an offense involving or touching on his public office, position or employment." Ibid. If the crime fit that definition, future disqualification was mandated by this statute.
In addressing this question and in concluding that, under the circumstances, this aspect of the statute applied to the crime *63 for which defendant had been convicted, the judge made the following findings:
[T]his offense is the type of offense that would touch upon the office of the [police] officer.
Indeed, as an officer, one would expect that an officer would have the responsibility, whether on or off tour, being in the sense of under oath, on duty all the time, especially within his own jurisdiction, City of Newark. One would expect that the officer would have the responsibility and be sufficiently responsible to have stopped, and to have attended the scene and made the appropriate reports there.
So, in that sense, it does touch upon his office. It does involve his office, his duties. He didn't fulfill them and he was found guilty of conduct that was contrary to them. Therefore, it would appear that ... the conduct warrants not only forfeiture, but in addition to forfeiture, a disqualification forever, to use the word in the statute.
In addressing the application of the statute, our Supreme Court has held that the "involve or touch analysis" applies to individuals like defendant whose crime is committed while they are off-duty, and is not confined to those offenses that occur at a defendant's place of employment. See Moore v. Youth Correctional Institute, 119 N.J. 256, 269, 574 A.2d 983 (1990). The Court has held that "[w]hen the infraction casts such a shadow over the employee as to make his or her continued service appear incompatible with the traits of trustworthiness, honesty, and obedience to law and order, then forfeiture is appropriate." Id. at 270, 574 A.2d 983. The Court has cautioned, however, that mere dishonesty is insufficient, at least for purposes of future disqualification, in light of the separate statutory requirement embodied in the "involve or touch" language. See McCann v. Clerk of City of Jersey City, 167 N.J. 311, 321, 771 A.2d 1123 (2001).
We have also addressed the appropriate interpretation of this statute for offenses committed by police officers, twice concluding that future disqualification was appropriate. We have noted that a police officer failed to exhibit "law-abiding" behavior when he engaged in activities we referred to as a "wide-roaming drunken spree" and which included firing his service weapon and flashing his badge. See State v. Gismondi, 353 N.J.Super. 178, 184-89, 801 A.2d 1178 (App.Div.2002). Although the behavior took place while that officer was off-duty, we concluded that it demonstrated a lack of respect for the law and therefore fell within the scope of the involve or touch upon doctrine. Id. at 189, 801 A.2d 1178.
We have applied the statute as well to a police officer who fired his revolver at a motorist following a minor traffic accident. We noted that a police officer, who "is sworn to uphold the law [and who] ... then participates `in an abuse of authority' has demonstrated more than bad judgment." State v. Williams, 355 N.J.Super. 579, 589, 810 A.2d 1169 (App.Div.2002) (citing Gismondi, supra, 353 N.J.Super. at 189, 801 A.2d 1178). We there noted that if the conduct "bears `some direct relationship' to the office," it involves or touches upon the public position, and therefore meets the statutory definition for future disqualification. Ibid. (quoting McCann, supra, 167 N.J. at 320, 771 A.2d 1123).
Although in each of these prior decisions, the police officer's criminal conviction involved the use of a weapon, we do not find that fact alone to be dispositive. Our Supreme Court has explained the policy behind future disqualification as follows:

*64 The forfeiture statute, as applied in the foregoing cases, is not merely a collateral attempt to punish a criminal offender. It also reflects a belief that the circumstances surrounding a criminal conviction bear directly on an employee's competency and capacity to continue to do his or her job or to perform any other job for the state.
[Moore, supra, 119 N.J. at 271, 574 A.2d 983.]
The behavior that supported defendant's conviction falls squarely within this rationale. We disagree with his argument on appeal that his off-duty behavior did not sufficiently involve or touch upon his position as a police officer.
We do not consider defendant's conduct here to be any less egregious or any less connected with his duties as a police officer than the behavior of the off-duty officers in Gismondi and Williams. In particular, we reject defendant's assertion that the offense of which he was convicted was "a very low level offense" as to which future disqualification pursuant to the dictates of N.J.S.A. 2C:51-2d was inappropriate. On the contrary, his conviction of third-degree leaving the scene of a fatal accident was based on proof beyond a reasonable doubt that he knew that there had been an accident and that he knowingly left the scene. Although the State, in order to secure defendant's conviction, was not required to prove he also knew that a pedestrian had been killed, that fact was one the judge could permissibly consider as part of the future disqualification analysis.
In light of the fact that reporting to accident scenes and attending to the safety of the public are important parts of any police officer's duties, we think it plain that defendant's off-duty behavior that resulted in his conviction of this offense sufficiently involved and touched upon his position that future disqualification was appropriate.
Affirmed.